IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| ROB THOMAS, § § Plaintiff, § § v. § § JOHN SKIPPER "SKIP" WOODS, § BLIND SQUIRREL, LLC, § OUTLAW ENTERTAINMENT GROUP LLC, § and WARMONGER MEDIA, INC., § § Defendants. § § | CIVIL ACTION NO. H-14-2487 |

**MEMORANDUM OPINION AND ORDER**

Plaintiff Rob Thomas ("Plaintiff" or "Thomas") sued Defendant John Skipper Woods and several affiliated entities (collectively, "Defendants"). The parties filed a notice of settlement in August of 2014. Pending before the court is Plaintiff's Notice of Motion and Motion to Enforce Settlement Agreement ("Motion to Enforce") (Docket Entry No. 53). For the reasons stated below, Plaintiff's Motion to Enforce will be granted in part and denied in part.

I. **Background**

Thomas originally filed this case in Los Angeles County Superior Court, and Defendants removed it to the United States District Court for the Central District of California, invoking the court's diversity jurisdiction.[1] Defendants then filed a motion to

---

[1]See Notice of Removal, Docket Entry No. 1, pp. 2-4. Page
(continued...)

dismiss for lack of personal jurisdiction.[2] Defendants also filed a motion to transfer the case to the United States District Court for the Southern District of Texas pursuant to 28 U.S.C. § 1404(a).[3] While both motions were pending the parties mediated the case before a retired superior court judge in Los Angeles.[4] On August 26, 2014, the parties filed a notice of settlement, which stated that the parties had "reached an agreement in principle for the settlement of the case," and that they were "in the process of obtaining and exchanging signatures on a settlement agreement that will resolve their dispute in its entirety."[5] The parties requested that the court retain jurisdiction to enforce the parties obligations if necessary.[6] That same day the court entered an

---

[1](...continued)
citations are to the pagination imprinted by the federal court's electronic filing system at the top and right of the document.

[2]Notice of Motion and Motion of Defendants John Skipper ("Skip") Woods; Blind Squirrel, LLC; Outlaw Entertainment, LLC; and Warmonger Media, Inc., to Dismiss for Lack of Personal Jurisdiction and Insufficient Service of Process, Docket Entry No. 7.

[3]Notice of Motion and Motion of Defendants John Skipper ("Skip") Woods; Blind Squirrel, LLC; Outlaw Entertainment, LLC; and Warmonger Media, Inc. for Discretionary Transfer Pursuant to 28 U.S.C. § 1404(a), Docket Entry No. 36.

[4]Declaration of Brandon M. Tesser, Exhibit 1 to Motion to Enforce, Docket Entry No. 53-1, p. 2 ¶6.

[5]Notice of Settlement, Docket Entry No. 45.

[6]Id.

order granting Defendants' motion to transfer.[7] The case was transferred to the Southern District of Texas, where it was assigned to the undersigned judge. On September 12 and 17, 2014, the parties exchanged signed copies of a "proposal," "intended to be binding and enforceable," which laid out the terms of a settlement (the "Settlement Agreement").[8] The Settlement Agreement reads in relevant part:

    1.    $175,000 payable as follows:
           a)    $100k on the earlier of 12/1/14, or 90 days from the date we have a signed agreement.
           b)    $75k on the earlier of 4/1/14 (*sic*) or 210 days from the date we have a signed agreement.

    2.    Settlement payment to be secured by stipulated judgment with penalty provision of $43k in the event of default (25% of the settlement amount).

    3.    Beginning with residuals received October 1, 2014, Thomas to receive 20% of residuals paid to Woods (or any of his loan out companies) for a term of 6 years on the following projects only, except those marked by an asterisk. Thomas's share of residuals on asterisked items will be for a total term of 8 years: [list of titles].

. . .

    11.    In the event of any disputes regarding the settlement agreement, including enforcement, the

---

[7]Order Granting Defendants' Motion to Transfer Venue, Docket Entry No. 46.

[8]See Exhibit H to Declaration of Rob Thomas, Docket Entry No. 56, pp. 4-11 (signed by Rob Thomas); Exhibit A to Declaration of Brandon M. Tesser, Docket Entry No. 53-1, pp. 8-10 (signed by John Skipper Woods as an individual and on behalf of Blind Squirrel, LLC, Outlaw Entertainment, LLC, and Warmonger Media, Inc.).

>   prevailing party shall be entitled to recover his/its attorneys' fees and costs.
>
>   . . .
>
>   14. This proposal, when signatures have been exchanged, is intended to be binding and enforceable pursuant to section 664.6 of the California Code of Civil Procedure or analogous federal law.[9]

As of December 17, 2014, Defendants had not made their first payment, and Plaintiffs filed their Motion to Enforce the settlement agreement.[10] Defendants do not dispute that they failed to make payments as required by the Agreement.

## II. Analysis

### A. The Settlement Agreement is Enforceable

"It is well established that courts retain the inherent power to enforce agreements entered into in settlement of litigation pending before them." Bell v. Schexnayder, 36 F.3d 447, 449 (5th Cir. 1994) (internal quotation marks and citation omitted). "A settlement agreement, once entered into, cannot be repudiated by either party and will be summarily enforced." United States v. City of New Orleans, 731 F.3d 434, 439 (5th Cir. 2013); see also Callie v. Near, 829 F.2d 888, 890 (9th Cir. 1987) ("It is well settled that a district court has the equitable power to enforce summarily an agreement to settle a case pending before it.").

---

[9] Settlement Agreement, Exhibit A to Declaration of Brandon M. Tesser, Docket Entry No. 53-1, pp. 8-9.

[10] Motion to Enforce, Docket Entry No. 53.

"The authority of a trial court to enter a judgment enforcing a settlement agreement has as its foundation the policy favoring the amicable adjustment of disputes and the concomitant avoidance of costly and time consuming litigation." <u>Dacanay v. Mendoza</u>, 573 F.2d 1075, 1078 (9th Cir. 1978). "The court's enforcement power includes authority to award either damages or specific performance." <u>Nemetona Trading Limited v. Kurt Orban Partners, L.L.C.</u>, No. 14-CV-03284-SI, 2015 WL 1065032, at *5, (N.D. Cal. Mar. 11, 2015) (citing <u>T.N.T. Mktg., Inc. v. Agresti</u>, 796 F.2d 276, 278 (9th Cir. 1986)).

While federal courts possess inherent power to enforce settlement agreements, in diversity cases the enforcement and construction of such agreements is governed by state contract law. <u>See</u> <u>Sundown Energy, L.P. v. Haller</u>, 773 F.3d 606, 611 (5th Cir. 2014); <u>Lefevre v. Keaty</u>, 191 F.3d 596, 598 (5th Cir. 1999). Federal courts sitting in Texas apply Texas Rule of Civil Procedure 11 to settlement agreements, even though it is arguably a procedural rule. <u>See</u> Anderegg <u>v. High Standard, Inc.</u>, 825 F.2d 77, 80 (5th Cir. 1987). However, this case was transferred from the Central District of California, and the parties appear to agree that California contract law applies to the Agreement itself.[11]

---

[11]<u>See</u> Motion to Enforce, Docket Entry No. 53, pp. 19-21 (citing to California authorities regarding liquidated damages); Defendant's Memorandum of Law in Response to Plaintiff's Motion to Enforce Settlement Agreement and Objections Thereto ("Defendants' Response"), Docket Entry No. 54, pp. 7-9 (same).

"After a transfer pursuant to 28 U.S.C. § 1404(a), the transferee district court generally must apply the state law that the transferor district court would have applied had the case not been transferred." Shannon-Vail Five Inc. v. Bunch, 270 F.3d 1207, 1210 (9th Cir. 2001). Federal courts in California have applied California Code of Civil Procedure Section 664.6 to the enforcement of settlement agreements, see, e.g., Tiger Bay Village Corp. v. Yihe Corp., No. CV 13-08837-RSWL-FFM(x), 2014 WL 3662259, at *3 (C.D. Cal. July 18, 2014), especially where, as here, the parties stipulate that the agreement is enforceable pursuant to § 664.6, see Cranshire Capital, L.P. v. CBTV-Star, LW, Inc., 70 Fed. Appx. 434, 436-37 (9th Cir. 2003).[12] Under § 664.6, "[i]f parties to pending litigation stipulate, in a writing signed by the parties outside the presence of the court or orally before the court, for settlement of the case, or part thereof, the court, upon motion, may enter judgment pursuant to the terms of the settlement."

Here, Plaintiff has provided a written settlement agreement signed by the parties. However, Defendants appear to argue that the Agreement is not enforceable without a separate stipulated

---

[12] Two unpublished opinions of the Ninth Circuit seem to confirm that § 664.6 governs settlement agreements in federal court. See Jarrow Formulas, Inc. v. Nature's Way Products, Inc., 942 F.2d 791 (9th Cir. 1991) (citing § 664.6 for the proposition that "California law clearly allows litigants to settle lawsuits personally without the presence or consent of counsel."); Malzahn v. Allstate Ins., 923 F.2d 862 (9th Cir. 1991) (citing § 664.6 for the proposition that "[u]nder California law, a stipulation between the parties settling their lawsuit does not become a judgment until it has been approved by the court and entered on the docket.")

judgment consented to by both parties.[13] While the Agreement does state that "payment [is] to be secured by stipulated judgment,"[14] Defendants cite no authority for the proposition that the Agreement itself is unenforceable absent such a stipulated judgment.[15] Defendants argue that the final clause of the Agreement, which states that the Agreement is "binding and enforceable" pursuant to § 664.6 or analogous federal law, is "a throwaway clause."[16] The court is not persuaded.

Defendants argue that the versions of the agreement signed by Plaintiff and Defendants differ materially.[17] They do not.[18] The material terms of the two agreements are entirely consistent. To the extent that there are nonmaterial differences, they do not

---

[13]See Defendants' Response, Docket Entry No. 54, pp. 6-11.

[14]Exhibit A to Declaration of Brandon M. Tesser, Docket Entry No. 53-1, p. 8, ¶2.

[15]The only case cited by defendants, United States v. Katy Indep. Sch. Dist., 333 F. Supp. 1325 (S.D. Tex. 1971), is readily distinguishable on the facts. Furthermore, it supports the proposition that no formal stipulated judgment is required: "[Settlement] agreements need not be written nor formally submitted, so long as the record reflects that mutual assent to settle the litigation has been orally expressed." Id. at 1330. The parties' signed Agreement more than meets this requirement.

[16]See Defendants' Response, Docket Entry No. 54, p. 7.

[17]See id. at 2.

[18]Compare Exhibit A to Declaration of Brandon M. Tesser, Docket Entry No. 53-1, pp. 8-9, with Exhibit H to Declaration of Rob Thomas, Docket Entry No. 56, pp. 4-11. See also Reply in Opposition to Motion to Enforce Settlement Agreement ("Plaintiff's Reply"), Docket Entry No. 55, p. 4 (listing the differences).

preclude enforcement. See <u>Elyaoudayan v. Hoffman</u>, 104 Cal. App. 4th 1421, 1429 (Cal. Ct. App. 2d Dist. 2003) (holding that material terms of multiparty settlement agreement were enforceable under § 664.6 as to all parties despite nonmaterial variance between agreements).[19]

Defendants also argue that the agreement was no more than an "agreement to agree," and therefore is unenforceable.[20] California courts of appeals have addressed this issue:

> Whether a writing constitutes a final agreement or merely an agreement to make an agreement depends primarily upon the intention of the parties. In the absence of ambiguity this must be determined by a construction of the instrument taken as a whole. The objective intent as evidenced by the words of the instrument, not the parties' subjective intent, governs our interpretation. Where the writing at issue shows no more than an intent to further reduce the informal writing to a more formal one the failure to follow it with a more formal writing does not negate the existence of the prior contract. However, where the writing shows it was not intended to be binding until a formal written contract is executed, there is no contract.

<u>Harris v. Rudin, Richman & Appel</u>, 87 Cal. Rptr. 2d 822, 828 (Cal. Ct. App. 2d Dist. 1999) (internal quotation marks and citations omitted). Here there is no ambiguity as to whether the settlement agreement, as written, is enforceable. Paragraph 14 states that

---

[19]Defendants also object that the Agreement as attached to Plaintiff's attorney's declaration was unauthenticated hearsay. See Defendants' Response, Docket Entry No. 54, pp. 1, 4-5. Since Plaintiff himself has filed a declaration authenticating the agreement, this objection is moot. See Declaration of Rob Thomas, Docket Entry No. 56. Defendants have not renewed their objection.

[20]Defendants' Response, Docket Entry No. 54, pp. 1, 5-7.

"[t]his proposal, when signatures have been exchanged, is intended to be binding and enforceable." The settlement agreement is not a "contract to make a contract," as defendants contend, but an agreement enforceable on its face.

Defendants nevertheless argue that key terms of the agreement were left to be decided at a later date. The Agreement states that plaintiff Thomas and defendant Woods would each prepare a list of films of which they claimed original authorship, and that Thomas would relinquish all past, present, and future claims of authorship to the works submitted by Woods.[21] Defendants emphasize that Plaintiff "sued over royalties and residuals from claims of authorship," and thus "[a] seemingly crucial[] term of the writing of the 'settlement' . . . is left to be determined."[22] Defendants argue that the court cannot enter judgment in the face of such unresolved terms.

The court is not persuaded by Defendants' argument. First, when a court exercises its inherent authority to enforce a settlement agreement, "'the actual merits of the controversy become inconsequential.'" Bd. of Trustees v. Brisbin, No. C 13-01866 LB, 2014 WL 2916491, at *4 (N.D. Cal. June 26, 2014) (quoting Dacanay, 573 F.2d at 1078). Second, Plaintiff is seeking neither a declaration of who authored specific works nor enforcement of any

---

[21]See Exhibit A to Declaration of Brandon M. Tesser, Docket Entry No. 53-1, p. 9 ¶10.

[22]Defendants' Response, Docket Entry No. 54, p. 5.

agreement as to the authorship of any works. Even if Plaintiff were, it appears from documents filed with Plaintiff's Response that the lists referred to in the Agreement were, in fact, exchanged.[23]

Defendants request, in the alternative, an evidentiary hearing. "Where material facts concerning the <u>existence</u> or <u>terms</u> of an agreement to settle are in dispute, the parties must be allowed an evidentiary hearing." <u>Callie</u>, 829 F.2d at 890 (emphasis in original). Defendants do not dispute that they signed the Agreement at issue, and the terms of the Agreement are unambiguous. There are no material facts in dispute, and the agreement is enforceable. An evidentiary hearing is not necessary.

**B. The liquidated damages provision is an impermissible penalty.**

The settlement agreement provides that "payment [is] to be secured by a stipulated judgment with penalty provision of $43k in the event of default (25% of the settlement amount)."[24] Defendants argue that this is an impermissible penalty provision under California law. Plaintiff argues that it is a valid liquidated damages clause.

California Civil Code Section 1671(b) states that "a provision in a contract liquidating the damages for the breach of the

---

[23]<u>See</u> Supplemental Declaration of Brandon M. Tesser, Docket Entry No. 57.

[24]Exhibit A to Declaration of Brandon M. Tesser, Docket Entry No. 53-1, p. 8 ¶2.

contract is valid unless the party seeking to invalidate the provision establishes that the provision was unreasonable under the circumstances existing at the time the contract was made." California courts of appeals have further clarified the standard applicable under § 1671(b):

> [A] liquidated damages clause becomes an unenforceable penalty if it bears no reasonable relationship to the range of actual damages that the parties could have anticipated would flow from a breach. The amount set as liquidated damages must represent the result of a reasonable endeavor by the parties to estimate a fair average compensation for any loss that may be sustained. Absent a relationship between the liquidated damages and the damages the parties anticipated would result from a breach, a liquidated damages clause will be construed as an unenforceable penalty.

Purcell v. Schweitzer, 169 Cal. Rptr. 3d 90, 94-95 (Cal. Ct. App. 4th Dist. 2014) (internal quotation marks and citations omitted). When the contract at issue is a settlement agreement providing for payment in installments, the liquidated damages must bear a reasonable relationship to the damages that would flow from a failure to make payments. Greentree Fin. Grp., Inc. v. Execute Sports, Inc., 78 Cal. Rptr. 3d 24, 26 (Cal. Ct. App. 4th Dist. 2008). "'Damages for the withholding of money are easily determinable – i.e., interest at prevailing rates.'" Id. at 28 (quoting Sybron Corp. v. Clark Hosp. Supply Corp., 143 Cal. Rptr. 306, 308 (Cal. Ct. App. 2nd Dist. 1978). A liquidated damages provision in a stipulated judgment is enforceable if it is designed to encourage a party to make its settlement payments on time, and to compensate the other party for its loss of the use of the money

plus reasonable costs in pursuing payment. Id. However, if the specified amount is designed to exceed substantially the damages suffered, the additional sum is an invalid attempt to impose a penalty. Id.

Defendants, who have the burden of showing that the penalty provision is unreasonable, argue that "[Plaintiff's] own facts show the unlawfulness of the penalty."[25] Plaintiff states that the parties "came up with the $43,000 figure during their negotiations as a spur to have Defendants pay the principal on time."[26] He also asserts that a contemplated "more complete long-form Agreement," which the parties did not prepare, "would have explained that the $43,000, consistent with Cal. Civ. C. § 1671(b), were liquidated damages and were intended to compensate Plaintiff for the losses he would suffer if Defendants did not pay the principal on time."[27] While, as Plaintiff argues, the amount at issue here is a mere "fraction of the settlement amount,"[28] unlike the 200% penalty at issue in Greentree, Plaintiff makes no effort to tie that sum to an actual measure of damages. Plaintiff states that "[t]he amount was intended to reflect Plaintiff's acceptance of a lesser amount in settlement, on deferred payment terms, in exchange for certainty of

---

[25]Defendants' Response, Docket Entry No. 54, p. 7.

[26]Motion to Enforce, Docket Entry No. 53, p. 18.

[27]Id. at 19.

[28]Id. at 20.

payment and easy collection."[29] This does not explain how the specified amount bears a reasonable relationship to any losses Plaintiff might sustain. The agreement already provides for attorneys' fees and costs in the event of default,[30] and Plaintiff has offered no reason why 25% is a reasonable amount to compensate him for loss of the use of the money should Defendants fail to pay on time. The court is persuaded that the $43,000 "penalty provision" is just that, a penalty provision, and will not enforce it.[31]

### III. Conclusions and Order

For the reasons stated above, the court concludes that the Settlement Agreement entered into by the parties is enforceable, with the exception of the penalty provision in Paragraph 2, and that Defendants have breached that agreement by failing to make payments as required. Therefore, Plaintiff's Notice of Motion and Motion to Enforce Settlement Agreement (Docket Entry No. 53) is

---

[29] Id.

[30] See Exhibit A to Declaration of Brandon M. Tesser, Docket Entry No. 53-1, p. 9 ¶11.

[31] Because § 1671 pertains to the validity of a liquidated damages provision, and not the validity of a contract pertaining such a provision, the court may enforce the remainder of the contract despite the impermissible penalty provision. Greentree, 78 Cal. Rptr. 3d at 29-30.

**GRANTED IN PART** and **DENIED IN PART**, and the court will enter a final judgement enforcing the settlement agreement.[32]

**SIGNED** at Houston, Texas, this 2nd day of April, 2015.

_____
SIM LAKE
UNITED STATES DISTRICT JUDGE

---

[32]Plaintiff's counsel has submitted an estimate of attorneys' fees incurred in pursuing enforcement of the settlement agreement. See Declaration of Brandon M. Tesser, Docket Entry No. 53-1, pp. 5, 39-40. Defendants have not objected. The court finds the rate and estimated time reasonable, with the exception of estimated time and expenses for attending a hearing on Plaintiff's motion, since no hearing was held. The court will enter judgment for the estimated amount of fees exclusive of travel and participation in a hearing.