IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| ROB THOMAS, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | |
| | § | CIVIL ACTION NO. H-14-2487 |
| JOHN SKIPPER "SKIP" WOODS, | § | |
| BLIND SQUIRREL, LLC, | § | |
| OUTLAW ENTERTAINMENT GROUP LLC, | § | |
| and WARMONGER MEDIA, INC., | § | |
| | § | |
| Defendants. | § | |

## MEMORANDUM OPINION AND ORDER

On April 2, 2015, the court granted Plaintiff Rob Thomas's motion to enforce a settlement agreement entered into with Defendant John Skipper "Skip" Woods and several affiliated entities.[1] In accordance with that opinion, the court entered a final judgment pursuant to the terms of the settlement agreement, and the court taxed costs against the Defendants.[2] On April 14, 2015, Plaintiff filed a Bill of Costs (Docket Entry No. 62) in the amount of $9,645.97. John Skipper "Skip" Woods has filed Defendant's Objection to Plaintiff's Bill of Costs ("Defendant's Objections") (Docket Entry No. 63), and Plaintiff has filed his Opposition to Defendant's Objection to Plaintiff's Bill of Costs

---

[1] See Memorandum Opinion and Order, Docket Entry No. 59.

[2] See Final Judgment, Docket Entry No. 60.

(Docket Entry No. 65). For the reasons explained below, Defendant's Objections will be sustained, and Plaintiff's Bill of Costs will be denied.

## I. Standard of Review

Federal Rule of Civil Procedure 54(d)(1) states that "[u]nless a federal statute, these rules, or a court order provides otherwise, costs – other than attorneys' fees – should be allowed to the prevailing party." There is a "strong presumption" in favor of awarding costs. <u>Energy Mgmt. Corp. v. City of Shreveport</u>, 467 F.3d 471, 483 (5th Cir. 2006). "Notwithstanding this presumption, the word 'should' makes clear that the decision whether to award costs ultimately lies within the sound discretion of the district court." <u>Marx v. Gen. Revenue Corp.</u>, 133 S. Ct. 1166, 1172 (2013). Nevertheless, "if the court does not award costs to the prevailing party, [the Fifth Circuit] require[s] the district court to state its reasons." <u>Energy Mgmt. Corp.</u>, 467 F.3d at 483.

The court may only tax as "costs" those expenses listed in 28 U.S.C. § 1920:

> (1) Fees of the clerk and marshal; (2) Fees for printed or electronically recorded transcripts necessarily obtained for use in the case; (3) Fees and disbursements for printing and witnesses; (4) Fees for exemplification and the costs of making copies of any materials where the copies are necessarily obtained for use in the case; (5) Docket fees under section 1923 of this title; (6) Compensation of court appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services under section 1828 of this title.

Allowable costs are limited to these categories, and expenses that are not authorized by statute or contract must be borne by the party incurring them. Crawford Fitting Co. v. J.T. Gibbons, Inc., 107 S. Ct. 2494, 2497-98 (1987).

If the party being taxed has not specifically objected to a cost, the presumption is that the costs being sought were necessarily incurred for use in the case and will be taxed. See Embotelladora Agral Regiomontana, S.A. de C.V. v. Sharp Capital, Inc., 952 F. Supp. 415, 417 (N.D. Tex. 1997) ("[I]n the absence of a specific objection, deposition costs will be taxed as having been necessarily obtained for use in the case."). However, once an objection has been raised, the party seeking costs bears the burden of verifying that the costs were necessarily incurred in the case rather than just spent in preparation and litigation of the case. Jerry v. Fluor Corp., No. H-10-1505, 2012 WL 4664423, at *2 (S.D. Tex. Oct. 2, 2012) (citing Fogleman v. ARAMCO, 920 F.2d 278, 286 (5th Cir. 1991)).

## II. Analysis

Plaintiff filed a Bill of Costs seeking $9,645.97 in total costs including (1) fees of the clerk, (2) fees for service of summons and subpoena, (3) fees for witnesses, (4) fees for exemplification and copies necessarily obtained for use in the case, and (5) other costs, under which category Plaintiff has

listed $7,609.30 in "deposition costs," broken out only by deponent and either "Court Reporter Services" or "Video Services."[3] Plaintiff did not attach any invoices, receipts, or other supporting documentation to his Bill of Costs. Defendant has objected to all of Plaintiff's claims for costs.

Defendant objects that Plaintiff is not entitled to any costs incurred prior to settlement of the case because such claims were mutually released and because those costs were not necessarily incurred in enforcing the settlement agreement.[4] Defendant argues that, with the exception of deposition costs, it is impossible to determine "when [costs] were incurred or whence they came." While the court is not persuaded that Plaintiff's costs should be limited to those incurred after settlement, Plaintiff still has the burden of showing that those costs fall within the scope of § 1920 and were necessarily incurred.

Defendant also objects that Plaintiff cannot recover his expenses related to video depositions. However, Defendant relies on cases decided in the late 1990s.[5] In 2008 Congress amended § 1920 to include fees for "electronically recorded transcripts." "Accordingly, the cost for videotaped depositions is now recoverable under § 1920(2)." Baisden v. I'm Ready Productions,

---

[3] See Bill of Costs, Docket Entry No. 62, pp. 1-3.

[4] See Defendant's Objections, Docket Entry No. 63, pp. 2-3.

[5] See id. at 4 n.7.

Inc., 793 F. Supp. 2d 970, 976 (S.D. Tex. 2011) (Lake, J.). Furthermore, a prevailing party may recover both transcription and videotaping costs for the same deposition. Id. Nevertheless, the party must show that both were necessarily obtained for use in the case. Id.

This district's Bill of Costs form directs filers: "Attach to your bill an itemization and documentation for requested costs in all categories."[6] Plaintiff has not provided any documentation in support of his Bill of Costs. Apart from $47.95 in witness fees, Plaintiff has not itemized any of his costs with a level of specificity that would allow the court to determine what amounts are recoverable under § 1920.[7] Plaintiff's response to Defendant's Objections is perfunctory and does not shed additional light on the

---

[6] See Bill of Costs, Docket Entry No. 62, p. 1. See also Denner v. Texas Dept. of Criminal Justice, No. CIV.A.SA05CA184XR, 2007 WL 294191, at *7 & n.4 (W.D. Tex. Jan. 29, 2007) (quoting identical admonishment in Bill of Costs form and denying costs not sufficiently itemized or documented); Welch v. U.S. Air Force, No. CIV.A. 5:00-CV-392-C, 2003 WL 21251063, at *2 (N.D. Tex. May 27, 2003) (same).

[7] For example, Plaintiff seeks $1,453.20 for service of summons and subpoena, but he does not itemize or further justify this cost. In this circuit, "absent exceptional circumstances, the costs of a private process server are not recoverable under Section 1920." Marmillion v. American International Insurance Co., 381 F. App'x 421, 431 (5th Cir. 2010). Plaintiff has not provided sufficient information for the court to determine whether any of the requested fees for service are recoverable. The court might be inclined to grant Plaintiff's request for $47.95 in witness fees, since the allowable amount is determined by statute, but Plaintiff has neither supported this request with documentation nor responded with any specificity to Defendant's Objections.

allowability of Plaintiff's costs.  The court would be inclined to award Plaintiff those costs that are reflected in the record, but there are none.[8]  While the result may seem harsh the papers presented by plaintiff do not support the award of any costs.

### III.  Conclusion and Order

Plaintiff has not met his burden to show that his costs are recoverable.  Defendant's Objection[s] to Plaintiff's Bill of Costs (Docket Entry No. 63) are therefore **SUSTAINED**.

**SIGNED** at Houston, Texas, on this the 7th day of May, 2015.

_____
SIM LAKE
UNITED STATES DISTRICT JUDGE

---

[8]The only fee listed on the docket was paid by Defendants upon removal from state court.  See Docket Entry No. 1.